UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | C No. 16-035-M |
| | ) | |
| DANIEL E. SAAD, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

The United States Government has charged Daniel E. Saad with arson of a building and committing wire fraud. (ECF No. 3). The Government has submitted a Motion in Limine (ECF No. 16) and a Notice of Intent to use certain evidence (ECF No. 17). Mr. Saad has filed two Motions in Limine (ECF Nos. 19 and 20) and a Motion for a *Daubert* hearing. (ECF No. 21). This Court will deal with each motion and its objections seriatim.

1.  **Government's Motion in Limine to Admit Evidence Regarding Defendant's Knowledge and Intent** - ECF No. 16

In its motion, the Government seeks to admit testimony from several witnesses, including Mr. Saad's accountant, to shed light on Mr. Saad's dire, financial situation before a fire destroyed his business. Additionally, the Government seeks to admit Mr. Saad's bank statements from eight banks, loans from commercial and private lenders, extensions of credit from the sellers of the various businesses he bought, and collection attempts from his creditors. The Government argues that the Court should allow such evidence for two reasons:

First, because the information is necessary to complete the story of the charged crime,[1] and second because such evidence is admissible under a Federal Rule Evidence 404(b) analysis.

The Federal Rules of Evidence prohibit the use of a defendant's prior acts as the basis to show that the defendant acted in accordance with a particular character trait.  FED R. EVID. 404(b)(1).  However, there are legitimate exceptions to the exclusion of such prior-act evidence such as motive or intent, FED R. EVID. 404(b)(2), and such exceptions are construed broadly.  *United States v. Rodriguez-Soler*, 773 F.3d 289, 298 (1st Cir. 2014) (citing *United States v. Flores Perez*, 849 F.2d 1, 4 (1st Cir. 1988).  A 404(b) analysis occurs under a two-pronged test; "first, [this C]ourt must determine whether the evidence in question has any special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed. R. Evid. 403."  *E.g. United States v. DeCicco*, 370 F.3d 206, 211 (1st Cir. 2004) (footnote omitted) (citing *United States v. Sebaggaia*, 256 F.3d 59, 67 (1st Cir. 2001)).

To say that Mr. Saad was experiencing financial troubles would be an understatement.  The Government has proffered evidence that, if believed, would show that Mr. Saad owned seven businesses and had a total indebtedness of nearly

---

[1] While the First Circuit has held that the government can use prior-act evidence as intrinsic evidence where such prior acts are "part of [the] necessary description of events leading up to the crime," *United States v. Souza*, 749 F.3d 74, 84 (1st Cir 2014) (alteration in original) (quoting *United States v. Fazal-Ur-Raheman-Fazai*, 355 F.3d 40, 50 (1st Cir. 2004)), this Court will limit its analysis to one under Federal Rule of Evidence 404(b).

$2.5 million on the day of the fire, with a cumulative negative bank account balance of about -$10,000.  ECF No. 16 at 4, 5.  Thus, Mr. Saad was in a perpetual need for cash.[2]

The Government has shown that there is a special relevance for the prior-acts evidence surrounding Mr. Saad's financial situation, i.e., his potential motive in seeking insurance proceeds.  Moreover, this Court does not find that admitting such evidence would be unfairly prejudicial under Rule 403.[3]  Therefore, the proffered evidence appears to be admissible at this time.  *See Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 5–7 (1st Cir. 2001).  The Court GRANTS the Government's Motion in Limine (ECF No. 16).

2.   <u>Government's Notice of Intent to Introduce Certain Evidence</u> - ECF No. 17

In its Memorandum of Law, the Government seeks to notify Mr. Saad of its intention to use the various financial documents listed and described.  The Government's list contains bank statements, loan documents from both commercial and individual lenders, and debt collection attempts.

Under Federal Rules of Evidence 803(6)(A)–(D), records of a regularly conducted activity are an exception to the exclusion of hearsay when such records

---

[2] Mr. Saad even began selling his future, credit card receivables to various financing companies in order to receive immediate cash assistance.  ECF No. 16 at 5.

[3] Mr. Saad argues that such propensity evidence is prohibited under 404(b), and that even if this Court concludes that such evidence is not propensity evidence under 404(b), the evidence's "probative value is substantially outweighed by a danger of . . . confusing the issues and misleading the jury."  ECF No. 23 at 6.  However, Mr. Saad offers no argument explaining how allowing such evidence would lead to jury confusion, and this Court sees none, but will consider any appropriate instruction to the jury if requested to do so by Mr. Saad.

are: (1) made by someone with knowledge, (2) kept in the course of a regularly conducted business activity, (3) made in the regular practice of that activity, and (4) shown by certification to comply with Rule 902(11). The records from the various banks and commercial lenders appear to fall within Rule 803's exception.[4] However, it is not the same for promissory notes from individuals.[5] Because individuals do not regularly conduct business by way of making commercial loans, the financial statements, promissory notes, and other associated statements regarding these loans do not qualify for Rule 803's exception.

Therefore, the Court GRANTS IN PART AND DENIES IN PART as described above, the Government's request to introduce certain evidence (ECF No. 17).

3. **Mr. Saad's Motion in Limine to Preclude Testimony Regarding Cause of Fire – ECF No. 19)**

In his motion, Mr. Saad moves to preclude the Government from eliciting testimony regarding the cause of the fire that destroyed his business on November 30, 2014. Under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), a district court judge is tasked with determining whether expert witness testimony

---

[4] Despite Mr. Saad's argument to the contrary, the collection attempts from the various banks and commercial lenders do qualify for Rule 803's exception. Such collection attempts and the documentation thereof, are inherently part of a financial lender's regularly conducted business. *See United States v. Goodchild*, 25 F.3d 55, 62 (1st Cir. 1994) (holding that memos made during or after telephone conversations, which were aimed at collection attempts as investigation into delinquent accounts, were admissible under Rule 803).

[5] The Government's list contains loan information made to Mr. Saad by five, different individuals: Alphonso Esposito, Kathleen Titus, Roberta "Bobbie" Lincoln, Christopher Robert, and Joseph Novitsky. ECF No. 17 at 3, 4, 5, 6.

will assist the trier of fact and that the qualifications of and methods used by the expert witness are up to par within the scientific community. *Id.* at 592–94. Mr. Saad contends that the presence of gasoline generators on the building site contaminated the tests results, and therefore the expert's testimony concerning the test results is not based on sound scientific methodology.[6] Because Mr. Saad does not contest the qualifications and experience of Special Agent Hartman,[7] this Court needs to ascertain whether the testimony regarding the cause of the fire would be helpful to the jury, and whether Special Agent Hartman's methodology was sound.

Because arson is an area that goes beyond the average understanding of a juror, courts have deemed expert testimony in arson cases helpful for jurors. *United States v. Markum*, 4 F.3d 891, 896 (10th Cir. 1993). The National Fire Protection Association's ("NFPA") *Guide for Fire and Explosion Investigations 921*, which Special Agent Hartman relies upon during his investigations, has been deemed "the bible of arson forensic science." *Babick v. Berghuis*, 620 F.3d 571, 580 (6th Cir. 2010) (Merritt, J., dissenting); ECF No. 30 at 5. The Government asserts that Special Agent Hartman followed NFPA procedures by conducting on-scene investigation and collaborating with an electrical engineer and state fire marshals. ECF No. 30 at 6. Mr. Saad's general manager, Justin Mosely, testified before the

---

[6] The building site was released to Mr. Saad, who was not instructed to stay off the premises or refrain from beginning a clean-up procedure, and Mr. Saad subsequently used a gas generator on the premises to aid in his clean-up process.

[7] Special Agent Hartman has a bachelor of science and a master of science in forensic science, concentrating in fire science and criminalistics. ECF No. 30 at 5. Special Agent Hartman has fourteen years of experience with the Bureau of Alcohol, Tobacco, and Firearms and is a certified investigator. *Id.*

grand jury that the gas generator was confined to a limited area near the west-side exit door and was removed once he deemed the generator inoperable. *Id.* at 7. Furthermore, samples of debris were collected from the west side of the bar, which was adjacent to the pellet stove, inside the pellet stove, the east side of the bar, and the northeast side of the lounge near the restaurant area. *Id.* Many of the samples tested positive for gasoline, including the samples from inside the pellet stove. *Id.*

Thus, the record before the Court at this time shows that Special Agent Hartman's testimony is grounded on sound, reliable methods. Therefore, Mr. Saad's Motion in Limine to Preclude Testimony Regarding Cause of Fire (ECF No. 19) is DENIED.

4.   <u>Mr. Saad's Motion for a Daubert Hearing</u> - ECF No. 21

In the alternative to precluding testimony regarding the cause of the fire, Mr. Saad moves for this Court to conduct a *Daubert* hearing to determine whether the test results alleging that the fire was incendiary are reliable.

A majority of the Circuit Courts of Appeal have agreed that where a district court judge has sufficient evidence before him or her to perform his or her gatekeeping function and rule on the admissibility of expert witness testimony, the district court judge is not *required* to conduct an independent *Daubert* hearing. *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 201 (5th Cir. 2016); *United States v. Cunningham*, 679 F.3d 355, 381 (6th Cir. 2012); *United States v. Ozuna*, 561 F.3d 728, 736–37 (7th Cir. 2009); *United States v. Beasley*, 495 F.3d 142, 150 (4th Cir. 2007); *United States v. Jawara*, 474 F.3d 565, 582–83 (2d Cir.

2006); *Miller v. Baker Implement Co.*, 439 F.3d 407, 412 (8th Cir. 2006); *In re Hanford Nuclear Reservation Litig.*, 292 F.3d 1124, 1138–39 (9th Cir. 2002).

The Court finds that it has sufficient evidence before it to decide this matter without a hearing and therefore Mr. Saad's motion in the alternative to conduct a *Daubert* hearing (ECF No. 21) is DENIED.

5.   <u>Mr. Saad's Motion in Limine to Preclude Testimony Regarding Prior Fire-ECF No. 20</u>

In his motion, Mr. Saad seeks to preclude evidence regarding a previous fire at a location in Worcester, Massachusetts, where he owned and operated another business.   Mr. Saad contends that admitting such evidence would be a violation of Rule 404(b) as character evidence, as Mr. Saad himself was not the owner of the property at the time, nor were his business operations halted because of the fire. Because such evidence is likely to be character evidence, the Government has filed no objection to this motion, and therefore this Court GRANTS Mr. Saad's motion to preclude testimony regarding the prior fire (ECF No. 20).

CONCLUSION

The Court GRANTS the Government's Motion ECF No. 16 and GRANTS IN PART AND DENIES IN PART the Government's Motion ECF No. 17.   The Court DENIES Daniel E. Saad's Motions ECF Nos. 19 and 21; and GRANTS Daniel E. Saad's Motion ECF No. 20.

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

December 1, 2016