UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>DANIEL E. SAAD, )<br>    Defendant. )<br>) | C.R. No. 16-cr-035-M-PAS |

ORDER

Snow's Clam Box in Glocester, Rhode Island sustained substantial property damage after a fire tore through the building in the early morning hours of November 20, 2014. After an investigation, the owner of the restaurant, Daniel E. Saad, was charged with setting that fire and filing a false and fraudulent insurance claim on the loss. Ultimately, Mr. Saad was indicted on two counts of wire fraud in violation of 18 U.S.C. § 1343, one count of the use of fire to commit wire fraud in violation of 18 U.S.C. § 844(h), and one count of arson of a building in and affecting interstate commerce in violation of 18 U.S.C. § 844(i) and 18 U.S.C. § 2. After a fourteen day trial where thirty-six witnesses testified, including the Defendant himself, Mr. Saad was convicted by the jury on all counts.

Before the Court is Mr. Saad's motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure, made orally at the close of the government's case and renewed at the end of all of the evidence,[1] and his motion for a new trial

---

[1] The Court reserved its ruling on Mr. Saad's Rule 29 motion both times it was raised.

under Rule 33 of the Federal Rules of Criminal Procedure. ECF No. 45. For the reasons set forth below, both motions are DENIED.

Motion for Judgment of Acquittal

A Rule 29 motion for judgment of acquittal is properly granted only "when the evidence and all reasonable inferences to be drawn from the evidence, both taken in the light most favorable to the government, are insufficient for a rational factfinder to conclude that the prosecution has proven, beyond a reasonable doubt, each of the elements of the offense." *United States v. Pimental*, 380 F.3d 575, 584 (1st Cir. 2004) (citing *United States v. Moran*, 312 F.3d 480, 487 (1st Cir. 2002)). "Under this formulation, a court considers all the evidence, direct and circumstantial, and resolves all evidentiary conflicts in favor of the verdict." *Id.* (quoting *Moran*, 312 F.3d at 487); *see also United States v. Valerio*, 676 F.3d 237, 244 (1st Cir. 2012).

Mr. Saad sought acquittal both at the end of the government's case and again at the conclusion of all the evidence, arguing that the government's evidence was insufficient to sustain a conviction against him on each of the counts of the indictment.[2] *See* Fed. R. Crim. P. 29. He argues that the jury reached the verdict based on speculation and conjecture. The Court disagrees and finds that the government put documents and testimony before the jury from which they could have reasonably found him guilty beyond a reasonable doubt on all counts.

---

[2] Mr. Saad makes the same argument in his motion for a new trial, also under the Court's consideration and the decision on which is part of this order.

2

Specifically, the jury learned that the fire was no accident, nor was it the result of a natural cause. The government's fire investigator testified that the fire was deliberately set based on the evidence he gleaned from his investigation into burn patterns and the presence of gasoline near the pellet stove.

The jury heard about Mr. Saad's significant financial difficulties stemming from his seasonal restaurant businesses. The jury heard multiple former employees testify that their paychecks bounced and that vendors refused to deliver goods to Snow's Clam Box until outstanding balances were paid. Mr. Saad also was delinquent on personal loan payments. The jury learned that he had an insurance policy in place covering damage losses to Snow's Clam Box. Mr. Saad counters that the government ignored his assets and equity when discussing his financial health with the jury, but his counsel highlighted that data on cross examination so the jury had the opportunity to weigh that evidence as well. The jury could reasonably have found that the evidence of Mr. Saad's financial situation supported a finding of motive.

Opportunity evidence was there as well. FBI Task Force Officer Leonard Bolton testified about Mr. Saad's location at the time of the fire using cell phone tower data. Mr. Saad was near his restaurant at approximately 5 A.M. on a Sunday morning, minutes before the fire alarm went off. It was reasonable for the jury to conclude that his presence near the restaurant at the time of the fire was suspicious, especially since his home was almost an hour away. There was no credible evidence explaining his presence near the restaurant at that early morning

hour. A reasonable jury could find, beyond a reasonable doubt, that it would simply belie logic to believe that it was merely coincidental that Mr. Saad happened to be very near his restaurant, at 5 A.M. on a Sunday morning, an hour away from his home, at the very same time his restaurant started to burn.

Added to these core facts consistent with motive and opportunity is that the jury could have believed that Mr. Saad knew his actions would not be recorded because the video surveillance system in the restaurant was gone, he knew that he would not be detected because his employees consistently failed to set the burglar alarm, and that he had likely left the door leading into the back of the restaurant unlocked. All of these factors in combination and with reasonable inferences appropriately drawn lead this Court to confidently find that the jury's verdict of guilt beyond a reasonable doubt on the elements of each of the four counts was supported by sufficient evidence.

Motion for a New Trial

Mr. Saad also moves for a new trial on two grounds: 1) the weight of the evidence is against the verdict because the evidence was largely circumstantial; and 2) the interests of justice so require because the government failed in its obligation to provide exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963).

"The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir. 1996) (quoting *United States v. Indelicato*, 611 F.2d 376, 386 (1st Cir. 1979)); *accord*

4

*United States v. Conley*, 249 F.3d 38, 45 (1st Cir. 2001) ("The remedy of a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result."). The Court may weigh the evidence and evaluate the credibility of witnesses but should defer to the jury's credibility assessment absent "exceptional circumstances." *United States v. Merlino*, 592 F.3d 22, 32-33 (1st Cir. 2010).

Because the Court has addressed and rejected Mr. Saad's "sufficiency of the evidence" argument in its discussion of his Rule 29 motion above, it will turn to his *Brady* disclosure argument, which is essentially that a new trial is in the interest of justice because the government failed to adequately alert the defense to potential exculpatory evidence. Under *Brady*, exculpatory evidence is discoverable where it "is material either to guilt or to punishment." 373 U.S. at 87. "'Information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Caro-Muniz*, 406 F.3d 22, 29 (1st Cir. 2005) (quoting *United States v. Rosario-Peralta*, 175 F.3d 48, 53 (1st Cir. 1999)).

A defendant who seeks a new trial based on newly discovered evidence under Rule 33 generally must show that: "(1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) failure to learn of the evidence was not due to lack of diligence by the defendant; (3) the evidence is material, and not merely cumulative or impeaching; and (4) it will probably result in an acquittal upon retrial of the defendant." *United States v. Wright*, 625 F.2d 1017, 1019 (1st Cir. 1980). When the basis for a new trial motion is that the government has failed to disclose

information required by *Brady*, "[d]ifferent standards as to the third and fourth showings govern." *United States v. Gonzalez-Gonzalez*, 258 F.3d 16, 20 (1st Cir. 2001). In that case,

> the more defendant-friendly *Kyles v. Whitley* [514 U.S. 419, 434 (1995)] standard applies. Under the *Kyles* standard, the defendant must show a "reasonable probability" that had the evidence been disclosed to the defense the result of the proceeding would have been different, and that, in turn, requires an analysis of whether the trial resulted, in the absence of such evidence, in a verdict worthy of confidence.

*Id.*

Turning to Mr. Saad's argument, he claims that the government failed to disclose pre-trial that a floor sample containing gasoline that Special Agent Hartman removed after the fire from Snow's Clam Box was improperly stored in Agent Hartman's garage before being turned over to the State Fire Marshall. The government responds by pointing to the record where it did disclose this information to Mr. Saad. Two and a half months before trial, in a brief in support of its motion for the issuance of a subpoena, the government disclosed that, "Special Agent Hartman maintained the paint can [containing the floor sample] in his garage and on December 23, 2014, the can was turned over to Deputy State Fire Marshal Paul Manning for submission to the State Crime Laboratory." ECF No. 28 at 2 n.1. Mr. Saad counters that this passing reference does not qualify as proper notice under *Brady*, noting that Agent Hartman failed to mention this fact in his reports or his grand jury testimony.

No *Brady* violation occurred because the information was disclosed and not unknown to the defense. Mr. Saad admits that the government did disclose in a pleading that the floor sample was stored in Agent Hartman's garage before being turned over to the crime lab, but implies that that fact should have been highlighted in Agent Hartman's report or testimony. The Court declines to weigh in on whether the government's disclosure was obvious enough because it finds in any event that Mr. Saad has failed to show a "reasonable probability" that had the evidence been disclosed, the result of the proceeding would have been different. *Gonzalez-Gonzalez*, 258 F.3d at 20. This is due to the fact that the jury heard this information during Agent Hartman's direct examination and Mr. Saad was able to cross examine him about the chain of custody of the floor sample and any potential for tampering. Therefore, neither of the grounds that Mr. Saad argues in support of his motion succeeds in convincing the Court that a new trial is required or justified.

As previously discussed, the Court finds that there was sufficient evidence upon which a reasonable jury could render a guilty verdict beyond a reasonable doubt on all four counts. Mr. Saad received a fair trial and the advocacy of excellent counsel. The "verdict [is] worthy of confidence," *id.*, and the interests of justice do not require a new trial. Mr. Saad's oral Motions for Judgment of Acquittal made during trial and his Motion for a New Trial made after the verdict (ECF No. 45) are DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 6, 2017