UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Cr. No. 16-035-JJM-PAS |
| | ) | |
| DANIEL SAAD, | ) | |
| Defendant. | ) | |

## ORDER

Daniel Saad has petitioned this Court under 18 U.S.C. § 3582(c)(1)(A) for compassionate release. ECF Nos. 107, 108. The Government objects (ECF No. 110) and Mr. Saad replied. ECF No. 113. The Court finds that Mr. Saad has not shown extraordinary and compelling reasons at this time for granting his motion and thus the Court DENIES his motion without prejudice.

## I.   STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c) and U.S.S.G. § lBl.13, once a defendant shows that he has exhausted the Bureau of Prisons' administrative process for compassionate release, or thirty days have lapsed without a decision, whichever occurs first, a district court may reduce a defendant's term of imprisonment provided the court determines: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § lBl.13; see also *United States v. Miamen*, No. CR 18-130-1 WES, 2020 WL 1904490, at *2 (D.R.I. Apr. 17, 2020). The defendant carries

the burden on a motion for compassionate release. *Miamen*, 2020 WL 1904490, at *2.

## II.   DISCUSSION

### A.   *Extraordinary and Compelling Reasons*

Mr. Saad argues that his medical conditions, combined with the prevalence of COVID-19, are reasons for his compassionate release. He lists his borderline Type 2 diabetes, high cholesterol, hyperlipidemia, and other health conditions as placing him at higher risk for serious illness or death if he were to contract COVID-19. ECF No. 108 at 9. The Government argues in opposition that Mr. Saad is fully vaccinated against COVID-19 and that the prison where he is held "has only a handful of active cases" among inmates. ECF No. 110 at 1.

With COVID-19 currently not prevalent at Mr. Saad's minimum-security facility, and because most inmates have been vaccinated, as is Mr. Saad, the likelihood of Mr. Saad contracting COVID-19 now is low. Moreover, as a vaccinated individual, his likelihood of serious illness from COVID is lowered.

Under these conditions, Mr. Saad has not now shown extraordinary or compelling reasons for granting him a compassionate release.

### B.   *Section 3553 Factors Analysis*

The Court also analyzes the 18 U.S.C. § 3553 factors to decide whether it should grant Mr. Saad compassionate release.

The Court imposed the mandatory minimum of fifteen years after a jury convicted Mr. Saad on all counts. The Court never analyzed the § 3553 factors at the

time of sentencing because Congress tied its hands by imposition of a statutory mandatory-minimum sentence. The Court acknowledged that it believed the sentence was greater than necessary to achieve the statutory purposes for sentencing.

> There [are] no exceptions that exist in your case for going below the mandatory minimum. If I could, I would because I think 15 is a severe sentence. I think you deserve a severe sentence, but I don't think it had to be so high; but Congress has made this decision . . ..

ECF No. 84 at 36-37.

Mr. Saad has only served about one-third of his sentence. This Court does not believe that such a term of incarceration is sufficient in response to the severity of the crime committed.

## III. CONCLUSION

The Court finds that (1) extraordinary and compelling reasons do not exist at this time for compassionate release; and (2) the sentencing factors outlined in 18 U.S.C. § 3553(a) favor continued incarceration now. See 18 U.S.C. § 3582(c)(1)(A). The Court DENIES Mr. Saad's Motion for Compassionate Release. ECF Nos. 107, 108.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

Date: January 4, 2022

3